UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| TAMI DUPUIS,<br><br>                Plaintiff,<br><br>-v-<br><br>MARTIN O'MALLEY, Commissioner of the Social Security Administration,<br><br>                Defendant. | Case No. 1:21-cv-00067-CWD<br><br>**ORDER** |

    Before the Court is Plaintiff's Motion for Attorney's Fees (Dkt. 25), filed pursuant to the Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1). Plaintiff's counsel requests fees in the amount of $16,000.50 pursuant to 42 U.S.C. § 406(b)(1) and Plaintiff's contingent-fee contract. Based on the Court's review of the pleadings; Defendant's response;[1] and agreement between Plaintiff and her attorney, the motion will be granted, as explained below.

**LEGAL STANDARD**

    Under 42 U.S.C. § 406(b), a court entering judgment in favor of a successful plaintiff represented by an attorney in a case under Title II of the Social Security Act "may

---

[1] Defendant filed a response to the motion on July 26, 2024, which Defendant acknowledged was untimely. Def.'s Response at 2 n. 1. (Dkt. 27.) In the response, Defendant indicated he neither supported nor opposed the request for attorney's fees under 42 U.S.C. § 406(b). (Dkt. 27.)

ORDER - 1

determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions, the Plaintiff pays the fee out of the past-due benefits awarded, and Defendant is not responsible for payment to the attorney. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys representing claimants in matters before the Social Security Administration routinely enter into contingent-fee agreements specifying that the attorney's fee will be 25% of any past-due benefits recovered, thereby providing the attorney the statutory maximum of fees if the representation is successful. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 803 (2002). The United States Supreme Court in *Gisbrecht* provided the following guidance for determining whether the requested 25% fee is reasonable. First, the Court must "respect the primacy of lawful attorney-client fee agreements, looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808.) A fee resulting from a contingent-fee agreement is unreasonable, and therefore subject to reduction by the Court, if the attorney provided substandard representation; engaged in dilatory conduct so as to increase the accrued amount of past-due benefits; or the benefits are large in comparison to the amount of time counsel spent on the case. *Id*.

As an aid to the Court's assessment, but "not as a basis for satellite ligation," the Court may require counsel to provide a record of the hours worked and counsel's regular

ORDER - 2

hourly billing rate for noncontingent cases. *Id*. It is the attorney's burden to establish that the fee sought is reasonable. *Id*. The Court has considerable discretion when evaluating a request for a contingent fee under Section 406(b). *Id*. at 1149. "The question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id*.

## ANALYSIS

Applying the test mandated by *Gisbrecht*, the Court finds counsel has demonstrated that the fees requested are reasonable. Plaintiff agreed to pay attorney fees not to exceed 25% of the past-due benefits awarded. Plaintiff was awarded $64,002.00 in past due benefits, and the requested fee award is not more than 25% of the same. Neither Plaintiff herself nor Defendant has raised an objection to the amount of the fee request.

Next, the Court considers the *Gisbrecht* factors to determine whether a downward adjustment is appropriate in this case. Plaintiff's counsel achieved good results for Plaintiff, her representation was professional, and there was no delay attributable to Plaintiff's counsel. Upon review of the submitted time records, and in light of the Court's prior awards pursuant to 42 U.S.C. § 406(b)(1)(A), the Court does not find that the award will result in a windfall. Counsel submitted time records indicating she spent 34 hours litigating this case. An award of $16,000.50 under 42 U.S.C. § 406(b) would result in a

reimbursement rate of $470.60 per hour.[2]

The Court notes that Plaintiff's counsel engaged in efficient billing practices, and billed conservatively. She limited her billing to time spent consulting with her client, reviewing the record, and drafting the opening and reply briefs. She did not bill for paralegal time; time spent reviewing routine pleadings and documents; emails; or other time that the Court often sees in other counsel's billing records. *See, e.g., Jose G. v. Kijakazi*, No. 1:22-cv-00300-CWD (D. Idaho, Order Aug. 23, 2023). Plaintiff's counsel is also experienced, and did not appear to spend excessive time performing unnecessary legal research. Finally, the Court has approved contingent fee awards greater than the sum requested here. *See, e.g.*, *Witmuss v. Berryhill*, No. 1:18-cv-00535-CWD (D. Idaho, Order, Feb. 16, 2021) (awarding contingent fee of $24,108.75 under section 406(b)); *Heaton v. Comm'r of Soc. Sec.*, No. 4:19-cv-00196-CWD (D. Idaho, Order, Apr. 21, 2023) (awarding a contingent fee of $36,362.75 under section 406(b)).

Based upon its analysis of the *Gisbrecht* factors, the Court finds Plaintiff's fee request is reasonable, and will award attorney fees of $16,000.50 pursuant to 42 U.S.C. § 406(b)(1). Counsel represents that, upon receipt of this fee, Plaintiff will immediately be refunded the sum of $6,800.00, which is the amount of the EAJA fee Plaintiff's counsel

---

[2] Although the lodestar is not determinative under *Gisbrecht*, the hourly rate of $470.60 falls within the range of hourly rates other courts have awarded. *See, e.g., Koester v. Astrue*, 482 F.Supp.2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500). Moreover, since Plaintiff's attorney did not bill for paralegal time or other miscellaneous time entries, the hours expended likely do not account for all time spent on the matter.

previously received in this matter. Pl.'s Mot. ¶ 6. (Dkt. 25.)[3]

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney Fees (Dkt. 25) is **GRANTED**.

2. Plaintiff is awarded attorney fees in the amount of $16,000.50 pursuant to 42 U.S.C. § 406(b), to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits in accordance with agency policy.

3. Upon receipt of the above payment, Plaintiff's counsel must refund the previously awarded EAJA fees in the amount of $6,800.00 directly to Plaintiff.

Dated: **July 31, 2024**

Candy W. Dale
United States Magistrate Judge

---

[3] The Court does not find that Plaintiff's counsel requested the Court to subtract, or "net" the EAJA fees such that the 406(b) amount awarded would be $2,000.50, which represents the difference between the full 406(b) amount requested ($16,000.50), and the sum of the EAJA fees previously received ($6,800.00) and the amount paid for work done before the Social Security Administration ($7,200.00). *See* Def.'s Response at 3. (Dkt. 27.) The United States Court of Appeals for the Ninth Circuit has not specifically addressed whether the Court is compelled to utilize a certain procedure to implement § 406(b)'s requirements. It has, however, approved the netting method. *See Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (noting the district court "properly reduced the fee award [under § 406(b)] by the amount of attorneys' fees already paid by the government under the [EAJA]."); *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1218, 1221 (9th Cir. 2012) (holding the district court "correctly offset" the EAJA award and noting "the court need merely offset all EAJA awards against the § 406(b) award").